IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-40506

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE PULIDO-LOPEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

(B-95-280-01)
January 3, 1997

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jorge Pulido-Lopez appeals his conviction for re-entry into the United States after deportation in violation of 8 U.S.C. § 1326. He concedes that he was arrested and deported, that he re-entered the United States, and that he did not obtain the Attorney General's permission to re-enter. His only argument is that the government did not present substantial evidence at his bench trial to prove that he is an alien as required by the statute. Mr. Pulido-Lopez urges us to embrace the Ninth Circuit's rule that

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

warrants of deportation are by themselves insufficient to prove alienage in criminal trials.  United States v. Ortiz-Lopez, 24 F.3d 53, 55-56 (9th Cir. 1994).  See also United States v. Meza-Soria, 935 F.2d 166, 169 (9th Cir. 1991) ("Th[e] difference in burdens of proof alone should demonstrate that it would be quite improper to establish the alienage element of the reentry offense through the use of factual findings in the deportation hearing.").

Because the trial court relied on more than the warrant of deportation to support its finding of alienage, we need not decide whether to approve of the Ortiz-Lopez rule.  The second thumbprint, which matched Mr. Pulido-Lopez's thumbprint on the order for deportation, identified him as a resident of Guadalajara, Mexico. The court was entitled to believe the government's testimony that this information came either directly from Mr. Pulido-Lopez himself or from yet another form, an I-213 record of deportable alien, that a colleague filled out while interviewing Mr. Pulido-Lopez. Furthermore, the certificate of nonexistence of record issued by the Immigration and Naturalization Service stated that Mr. Pulido-Lopez was born in Mexico.

The documentary evidence of Mr. Pulido-Lopez's alienage was substantial.  We need not decide whether a conviction can rest on evidence of alienage drawn exclusively from a warrant of deportation.  See United States v. Contreras, 63 F.3d 852, 858 (9th Cir. 1995) (holding that the defendant's admission of alienage at a deportation hearing and the testimony of a government agent as to

2

alienage were sufficient to support a conviction under 8 U.S.C. § 1326).

AFFIRMED.